**Opinion issued September 29, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00224-CV

————————————

## VOZARRON, INC., Appellant

## V.

## HARRIS COUNTY APPRAISAL DISTRICT, Appellee

On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2009-57592

## MEMORANDUM OPINION

Appellant, Vozarron, Inc., attempts to appeal from the final judgment of the trial court, signed on January 5, 2016. In response to the Court's orders notifying appellant that this appeal was subject to dismissal for want of jurisdiction, because the March 4, 2016 notice of appeal appeared untimely, or for want of prosecution

for failure to pay all required fees, appellant filed a motion to retain this case in this Court. We dismiss the appeal for want of jurisdiction and dismiss this motion as moot.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment on January 5, 2016, ordering appellant to pay a certain amount of property tax. Appellant did not file any post-judgment motions, which made February 4, 2016, its deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1).

2

Appellant's notice of appeal was not filed in the trial court until March 14, 2016, which was thirty-nine days past the February 4, 2016 deadline for filing the notice of appeal, and twenty-four days past the fifteen-day extension period ending on February 19, 2016. *See* TEX. R. APP. P. 26.1(a)(1), 26.3(a). Appellant did not file a motion for extension of time to file the notice of appeal, nor can one be implied because the notice of appeal was untimely filed. *See id.* 26.3(b); *Verburgt*, 959 S.W.2d at 617–18. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On April 28, 2016, the Clerk of this Court notified appellant's counsel that this appeal was subject to dismissal for want of jurisdiction unless he timely responded and showed how this Court had jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a), (c). In response, appellant's counsel filed an affidavit of indigence in this Court on May 23, 2016, which was forwarded to the trial court, and the trial court sustained a contest to the affidavit of indigence. On July 14, 2016, after appellant failed to timely file a motion to review the trial court's order sustaining a contest to its affidavit of indigence, this Court ordered appellant to pay the filing and clerk's record fees within thirty days or else this appeal would be subject to dismissal for want of prosecution. *See* TEX. R. APP. P. 42.3(b).

Because appellant's counsel claimed that he needed time to contact the district clerk to obtain hard copy records of his motion for new trial, this Court granted two

3

extensions. Then appellant filed this "Motion to Retain Case on Appeal and Response to 'Orders on Motions' Dated August 18, 2016, Including Request for Court Order to District Clerk" in this Court. Although appellant's counsel timely filed a response, he failed to show grounds for this Court's jurisdiction over this appeal. Instead, appellant's counsel claimed, among other things, that when he recently visited the district clerk's office, he was told that they did not know what had happened to the hard copy of his motion for new trial because there was no electronic filing of it and that he could not see his motion for new trial in the district clerk's computer. However, appellant's response does not show how this Court has jurisdiction over this untimely appeal.

## Conclusion

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.